## Commonwealth v. Weidler

*Frederick Y. Dietrick*, assistant district attorney, for Commonwealth.

*W. Dorland Rouse*, for defendant.

PER CURIAM, February 15, 1951.—An information was filed against defendant by Samuel S. Yupco, a member of the Pennsylvania State Police, charging that defendant did on April 8, 1950, unlawfully use a false and fictitious name and give a false and fictitious address on the title application for Diamond "T" truck, title no. F3853107, serial no. 70273, this in violation of the provisions of section 620, subsec. (*j*) of The Vehicle Code of May 1, 1929, P. L. 905, as amended.

Defendant waived a hearing and was released on his own bail in the sum of $207, conditioned for his appearance at the next term of court.

The Commonwealth produced Officer Yupco, who stated defendant used a false and fictitious name, to wit, that of Phillip Weidler, also with giving a false and fictitious address of said Phillip Weidler, on the certificate of title involved and that Charles Weidler fraudently signed the name of Phillip Weidler to the certificate of title in question, as appeared on the photostatic copy produced by the Commonwealth. However, upon cross-examination Private Yupco admitted he did not see Charles Weidler sign the name of Phillip Weidler to the certificate of title involved in this matter, as shown on the photostatic copy, nor was any witness produced who saw Charles Weidler sign Phillip Weidler's name to the certificate.

No competent testimony was produced by the Commonwealth to show that the signature appearing on the certificate of title as shown on the photostatic copy was placed there by defendant, or that the signature appearing on the photostatic copy of the certificate was the true signature of Charles H. Weidler.

At the conclusion of the testimony defendant moved that the complaint be dismissed for the reason that the Commonwealth failed to make information within 15 days following the alleged commission of the offense.

No testimony was produced by the Commonwealth to explain why the information was not filed within 15 days of the commission of the offense which the witness for the Commonwealth testified occurred on April 8, 1950, as the record shows the information was not made until May 1, 1950; and no testimony was offered by the Commonwealth to show that the complaint was made within 15 days following the discovery of the alleged offense, as provided for in the amendment to The Vehicle Code.

### Conclusions of Law

1. The court concludes that there is no competent testimony adduced by the Commonwealth to convict

Charles Weidler of the offense of unlawfully using a false and fictitious name and giving a false and fictitious address on an application for title to a diamond "T" truck.

2. The court concludes that the information charging the offense was not made within 15 days following the commission of the offense on April 8, 1950.

And now, to wit, February 15, 1951, the charge against defendant, Charles H. Weidler, is dismissed at the cost of the County of Lycoming.